THE PEOPLE OF THE STATE OF NEW YORK ex rel. HER-
MANN E. GOLDSCHMIDT, Appellant, *v*. THE BOARD OF
EDUCATION OF THE CITY OF NEW YORK, Respondent.

Civil service — board of education of New York city — power of
removal — when a clerk appointed for a probationary period of
three months cannot be removed under resolution adopted after
probationary period has expired.

The relator was appointed to a clerkship in the bureau of supplies
of the board of education of New York city for a probationary
period of three months. Before the expiration of that time the
committee on supplies notified the relator that on account of unsat-
isfactory service his probationary period of appointment was termi-
nated in accordance with the rules of the civil service commission,
but a resolution of the board adopting the action of the commit-
tee was not passed until after the probationary period had expired.
*Held*, that the power of removal was with the board and the ratifi-
cation of the act of the committee could not take effect retrospec-
tively. The retention of the relator in the service after the expiration
of the probationary period without action by the board was equiva-
lent to a permanent appointment.

*People ex rel. Goldschmidt* v. *Bd. of Education*, 170 App. Div.
395, reversed.

(Argued February 24, 1916; decided March 21, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 3, 1915, which reversed an order of Special
Term granting a motion for a peremptory writ of man-
damus to compel the reinstatement of the relator in the
position of fifth grade accountant in the bureau of sup-
plies in the department of education of the city of New
York and denied said motion.

This is an application by the relator for reinstatement
in the position of fifth grade accountant in the bureau of
supplies of the board of education of New York city,
from which position, as he alleges, he was unlawfully
removed.

In or about the month of February, 1915, the committee on supplies of the board of education appointed the relator to the position named, and afterwards, on or about the 24th of February, the appointment was ratified and approved by a resolution of the board of education, and the relator on March 1 entered upon the discharge of his duties.

Under the rules of the municipal civil service commission the appointment of the relator was for a probationary period of three months, and with regard to such probationary appointment, the rules of the commission further provided that if the conduct or capacity of the person appointed was unsatisfactory to the appointing officer, the probationer should be notified in writing that at the end of such period he, for that reason, would not be retained. The rules also provided that the retention of the person appointed in the service otherwise would be equivalent to a permanent appointment.

The probationary period for which the relator was appointed expired on June 1, and on May 28 the committee on supplies notified the relator that on account of unsatisfactory service his probationary period of appointment was terminated in accordance with the rules of the civil service commission.

The committee on supplies reported its action to the board of education and on June 23 the board, in a resolution duly adopted, approved and ratified the action of the committee. This resolution of the board, approving the action of the committee on supplies, was passsed, as the dates show, about three weeks after the probationary period had expired.

Subdivision 2 of section 17 of the by-laws of the board of education contains the following with regard to the committee on supplies: "It shall appoint, subject to confirmation by the board, all clerks and other employees of the board whose appointment is not otherwise provided for," and subdivision 3 of the same section further pro-

vides that the committee on supplies shall conduct all trials of the clerks and other employees mentioned in the preceding subdivision against whom charges have been brought, and shall report its conclusion to the board of education for action thereon.

The Special Term held that the ratification and approval by the board of education of the action of the committee on supplies in removing the relator was too late and was ineffective to terminate the period of his probationary service, and that under the rules his retention in the service was equivalent to a permanent appointment. The Appellate Division held that the action of the committee on supplies was insufficient to terminate the probationary period, but that the approval and ratification of the board of education was retrospective and took effect as of the time when the committee gave its notice to the relator, and was effective to prevent the relator's employment from becoming permanent for lack of notice under the statute.

*Clarence U. Carruth, Edward Stetson Griffing* and *Charles J. Foltz* for appellant. The action of the board of education on June twenty-third was not retroactive. (*Litt* v. *Emery,* 80 Hun, 380; 144 N. Y. 628; *Beresford* v. *Donaldson,* 54 Misc. Rep. 138; *Peck* v. *City of Rochester,* 18 N. Y. S. R. 244; *Hodges* v. *City of Buffalo,* 2 Den. 110; *McCullough* v. *Moss,* 5 Den. 567; *Boom* v. *City of Utica,* 2 Barb. 104; *Halstead* v. *Mayor,* 3 N. Y. 430; *Peterson* v. *Mayor,* 17 N. Y. 449; *People ex rel. Coveney* v. *Monroe,* 105 App. Div. 61; *People ex rel. Cochrane* v. *Tracy,* 35 App. Div. 265; *People ex rel. Daly* v. *Henderson,* 148 App. Div. 225.)

*Lamar Hardy, Corporation Counsel.* (*Terence Farley* and *Charles McIntyre* of counsel), for respondent. The resolution of the board of education was retroactive in its operation and related back to the time when the committee on supplies notified the relator that his services

were unsatisfactory. (*Matter of Dalton* v. *Darlington*, 123 App. Div. 855; *Matter of Murray*, 18 App. Div. 337; 155 N. Y. 628; *People ex rel. Hodges* v. *Guilfoyle*, 61 App. Div. 187; *People ex rel. Kastor* v. *Kearny*, 49 App. Div. 125; 165 N. Y. 64; *People ex rel. Walters* v. *Woods*, 168 App. Div. 3; *Farrell* v. *Bd. of Education*, 67 Misc. Rep. 187; *Egan* v. *Bd. of Education*, 70 Misc. Rep. 518; 150 App. Div. 902; *People ex rel. Horvay* v. *Bd. of Education*, N. Y. L. J. June 17, 1914; *People ex rel. Kaufman* v. *Bd. of Education*, 166 App. Div. 58; *People ex rel. Curren* v. *Cook*, 117 App. Div. 788; *People ex rel. Hawkes* v. *Prendergast*, 148 App. Div. 917.) Assuming that the action of the board of education did not relate back to the time of the action of the committee on supplies, still neither the Civil Service Law · nor the rule of the civil service commission has been violated. (*People ex rel. White* v. *Coler*, 56 App. Div. 171; 166 N. Y. 638.)

CUDDEBACK, J. The probationary period for which the relator was appointed could be terminated under the rules of the municipal civil service commission only by notice from the appointing officer that his conduct or capacity was unsatisfactory to the officer, and for that reason he could not be retained in his position.

His retention in the service without that notice was equivalent to a permanent appointment. The appointing officer of the relator was the board of education, not the committee on supplies. The by-laws of the board of education which authorized the appointment of the relator by the committee on supplies, subject to the confirmation of the board, and which further empowered the committee to conduct all trials of the clerks and employees against whom charges were brought, and to report its conclusions to the board for action, plainly show that the committee on supplies had no independent power of removal.

The board of education by its by-laws jealously retained in its own hands the power of removal as well as the power of appointment.   The notice necessary to terminate the relator's employment at the end of the probationary period was not complete until ratified by the board of education.   Notwithstanding the action of the committee, the board still had the power to say that the relator should continue in service.   In other words, the action taken to terminate the probationary period of the relator was not in accordance with the rules, and without that his retention in the service otherwise was equivalent to a permanent appointment.

The resolution that the board adopted on June 23, after the probationary period had expired, could not take effect retrospectively, because in the meantime the rights of the relator to the position had become fixed and determined. Where the right of a third person has thus intervened between an act and its ratification, the ratification is ineffective.   (*Pickering* v. *Lomax,* 145 U. S. 310; *Cook* v. *Tullis,* 85 U. S. [18 Wall.] 332; *Catholic F. M. Society* v. *Oussani,* 215 N. Y. 1.)

It follows that the relator was entitled to be reinstated in the position from which he was removed, and the order of the Appellate Division should, therefore, be reversed and the order of the Special Term affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CARDOZO, SEABURY and POUND, JJ., concur.

Ordered accordingly.