In the Matter of the Application of HERMANN E. GOLDSCHMIDT, Respondent, for a Peremptory Writ of Mandamus against LAMAR HARDY, as Corporation Counsel of the City of New York, Appellant, to Execute a Certain Certificate, etc.

First Department, February 9, 1917.

Municipal corporations — city of New York — when accountant in department of education not entitled to counsel fees and expenses as prevailing party in mandamus proceeding to compel his reinstatement.

Where an accountant in the department of education of the city of New York procured a peremptory writ of mandamus to compel his reinstatement, and the Court of Appeals reversed the judgment of the Appellate

Division denying the writ and affirmed the order of the Special Term granting the writ, said accountant is not entitled to a peremptory writ of mandamus requiring the corporation counsel to execute a certificate that he was the "prevailing party" in the mandamus proceeding, setting forth the value of his counsel fees and other actual necessary expenses, because, being a clerk or subordinate appointed by the board of education and his duties being determined and dictated by his superiors, he was not entitled to payment under section 241 of the Greater New York charter.

Nor does the claim come within the meaning of section 246 of the charter, for the reason that the city has not "received a benefit and is [not] justly and equitably obligated to pay such claim."

Nor does the claim come within the provision of the "Home Rule Act" (General City Law, § 20, subd. 5, as added by Laws of 1913, chap. 247), for it is not a claim "equitably payable by the city."

Appeal by the defendant, Lamar Hardy, as corporation counsel, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of October, 1916, directing the issuance of a writ of mandamus commanding the appellant to execute a certificate certifying that the relator was the prevailing party in a certain proceeding, and commanding him further to exercise his judgment as to the reasonable value of the services rendered by relator's counsel in such proceeding and to include his determination in the said certificate.

*Charles McIntyre,* for the appellant.

*Clarence U. Carruth,* for the respondent.

Page, J.:

In the month of February, 1915, the relator was appointed as an accountant in the department of education. In the following May, at the close of his probationary period, the committee on supplies of the board of education dispensed with his services from the end of the month. Thereafter, and on June twenty-third, the board of education ratified the act of the committee. The relator thereupon applied for a peremptory writ of mandamus to compel his reinstatement. The writ was granted by the Special Term. On appeal to this court the order was reversed and the motion for the writ denied. (*Matter of Goldschmidt* v. *Board of Education,* 170 App. Div. 395.) An appeal was taken to the Court of Appeals and the order of this court was reversed and that of the Special Term affirmed

*sub nom. People ex rel. Goldschmidt* v. *Board of Education* (217 N. Y. 470) upon the ground that the board of education alone had power to terminate the employment, and as its action was subsequent to the expiration of the probationary period it was unavailing, as the relator's right to his position had become fixed.

The relator has now applied for and obtained an order that a peremptory writ of mandamus issue requiring the corporation counsel to execute a certificate that the relator was the prevailing party in the mandamus proceeding above mentioned, setting forth the value of relator's counsel fees and other actual necessary expenses. From this order this appeal has been taken.

Such a certificate is a necessary prerequisite to the granting of an application to the board of estimate and apportionment for an appropriation and payment of his expenses, to which the relator claims himself to be entitled by virtue of section 241 of the Greater New York charter (Laws of 1901, chap. 466), section 246 of said charter (added by Laws of 1907, chap. 601, as amd. by Laws of 1910, chap. 683), and subdivision 5 of section 20 of the General City Law (Consol. Laws, chap. 21 [Laws of 1909, chap. 26], as added by Laws of 1913, chap. 247), known as the Home Rule Act.

The municipality of the city of New York is a State agency, having no powers except such as are granted or delegated to it by the Legislature. Section 241 of the charter, so far as material to this consideration, reads: "No appropriation or payment for the contesting of the office of mayor, or any seat in the board of aldermen, or office in any department, or the office of any officer whose salary is paid from the city treasury, shall be made to any but the prevailing party. Nor shall  \*  \*  \* such appropriations  \*  \*  \*  be made to such prevailing party except upon the written certificate of the chief officer of the law department  \*  \*  \*  certifying who is such prevailing party, and the value of the services rendered in the case.  \*  \*  \* "

If this is a valid grant of power to pay the expenses of a contest for office, it must be strictly limited to the successful contestant to an office clearly within its terms.

This court has had occasion to pass upon the classification of

those rendering public service in another connection and have divided them into three classes: (1) Public officers, who duties are defined by statute, and whose salary is fixed by law, as an incident to his office, and he is entitled to the same whether he performs service or not. If he has been illegally removed he must be reinstated therein by proceedings in the nature of quo warranto. (2) "Clerks and subordinates who are protected in their positions by (a) the provisions of the charter which forbid their removal without notice and an opportunity to be heard, (b) by the veteran laws, and (c) by the civil service laws covering positions in the classified service, subject to competitive examination, while not public officers, yet are a class of public servants whose tenure is made stable, their term of employment indefinite and subject only to be put an end to by certain prescribed methods and procedure, and that such clerks and subordinates have the right of proceeding by mandamus to procure reinstatement when illegally removed." (3) Employees in minor positions, whose pay depends upon work performed. (*Sutliffe* v. *City of New York*, 132 App. Div. 831, 834. See, also, *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489, and cases there cited.) The relator clearly comes within the second class, not being an officer or a holder of an office, but a clerk or subordinate appointed by the board of education, his duties determined and dictated by his superiors, and, therefore, not within the terms of section 241 of the charter.

Nor does the claim of the relator come within the purview of section 246 of the charter, for the reason that the city has not "received a benefit and is [not] justly and equitably obligated to pay such claim."

. Nor does the claim come within the provision of the "Home Rule Act," being the General City Law (§ 20, subd. 5, as added by Laws of 1913, chap. 247), for it is not a claim "equitably payable by the city." This has been very clearly demonstrated by .Judge VANN in *Matter of Chapman* v. *City of New York* (168 N. Y. 80). If we were of opinion that the relator did come within the provisions of section 241 of the charter, the question would then arise, under the authority of this last case, as to whether the section would be unconstitutional on the ground

that it was a gift of money to an individual and for other than a city purpose, and. hence the Legislature could not authorize a city to pay it.   (Const. art. 8, §§ 9, 10.)   This question, however, is not necessary to be determined in the instant case.

The order should be reversed, with ten dollars costs and disbursements, and the proceeding dismissed, with fifty dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and proceedings dismissed, with fifty dollars costs.