WIKTORYA BARTLOMIEJCZAK, Respondent, *v.* SOVEREIGN CAMP OF WOODMEN OF THE WORLD, Appellant.

Fourth Department, November 9, 1926.

Insurance — fraternal benefit insurance — action on certificate issued by defendant on life of member — constitution and by-laws provided for automatic suspension if dues were not paid on stated date — member failed to pay for April — member's daughter paid in May for both April and May — at time of payment member was sick and died three days thereafter — reinstatement, under by-laws, could be made only if member was in good health and continued so for thirty days — payment made under prior by-laws after due date, not waiver, since said by-laws provided for written statement of health — prior payments, after due date, under existing by-laws, not waiver, in absence of evidence that overdue payments were accepted while member was sick — retention of payment from June thirteenth, when it was remitted by local camp, to July first, not waiver.

In an action to recover on a certificate of insurance issued by a fraternal benefit association on the life of the plaintiff's husband, the plaintiff is not entitled to recover, since it appears that the by-laws required payment of dues to be made each month, and provided that in case payment was not made as required, the member was automatically suspended, and could be reinstated thereafter upon the payment of back dues only if he were in good health and continued so for thirty days; that the tender of payment after the due date constituted a warranty of good health, and that the member would remain in good health for thirty days; and that the member failed to pay his dues for April but the dues were paid by the member's daughter in May for both April and May, at a time when the member was sick with pneumonia, from which disease he died a few days thereafter.

Under the circumstances, the member was automatically suspended as of May first and was not reinstated by the payment of the April and May dues.

The fact that some time before the death of the member overdue payments had been accepted under prior by-laws, which required a signed statement of good health, without requiring the member to make such statement, did not constitute a waiver of the provisions in the existing by-laws in reference to reinstatement, since the requirements of the existing by-laws were that the mere tender of overdue payments constituted a warranty of good health and the continuation thereof for thirty days.

Prior receipt of overdue payments under existing by-laws did not constitute a waiver of the provisions thereof in reference to good health, since there was no evidence that the member was not in good health at the time of any of the prior payments.

In view of the fact that neither the officers of the local camp nor the officers of the society were shown to have had any knowledge that the member was not in good health when the payment was made in May, the receipt thereof by the local camp and its transmission on June thirteenth to the principal office, did not constitute a waiver of the requirements of the by-laws, and, furthermore, the retention of the money from the time of payment until the first of July, when its return was tendered, was not a waiver.

APPEAL by the defendant, Sovereign Camp of Woodmen of the World, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 7th day of July, 1926, upon the decision of the court rendered at the close of the trial before the court and a jury, the parties having stipulated to waive the determination of issues of fact by the jury and having agreed to submit the case to the court on the law and the facts.

*Frank Gibbons*, for the appellant.

*Ralph W. Nolan*, for the respondent.

SEARS, J. The plaintiff has recovered a judgment against the defendant as the beneficiary under a certificate issued by the defendant to the plaintiff's husband, Idze Bartlomiejczak, while a member of the defendant. The defendant is an incorporated fraternal benefit association, organized under the laws of the State of Nebraska. The principal office of the defendant is in the city of Omaha, in the State of Nebraska. There has been for many years a local branch of this association in the city of Buffalo known as Local Camp, No. 92.

Plaintiff's husband first became a member of the defendant association through membership in Local Camp, No. 92, on September 25, 1911, when he received a benefit certificate. On June 5, 1920, he surrendered this original certificate and obtained the one upon which this action is brought. This certificate provided in substance that the defendant in consideration of the warranties contained in the application and in further consideration of the payment to it of $2.44 on or before the last day of each month thereafter, and for the remainder of the certificate year in which death occurs, undertook to pay to the plaintiff as beneficiary the sum of $1,000 upon satisfactory proof of the death of the member in good standing. Idze Bartlomiejczak died on the 24th day of May, 1925, and the controversy relates to his standing as a member of the association at the time of his death.

The certificate expressly provided that the articles of incorporation and the constitution and laws of the society and all amendments to each thereof which might be thereafter made, and the application for membership and medical examination, and the certificate itself should constitute the agreement between the society and the member.  (See Insurance Law, § 232, as added by Laws of 1911, chap. 198.)   The certificate also contained the following provision: "Any changes, additions or amendments to the articles of incorporation or the constitution and laws made subsequent to the issuance of this certificate shall bind the member named herein and his beneficiaries and shall govern and control the agreement in all respects the same as though such changes, additions or amendments were in force at the time of the application for membership, and were written herein."

In July, 1923, certain previously existing laws of the society were amended and the amended laws became effective on the 1st day of September, 1923, and were in full force at the time of the member's death, and binding upon him and the plaintiff. (*Everett v. Supreme Council, C. B. L.,* 236 N. Y. 62.)  Certain provisions of the laws of the society as so amended read as follows:

" Sec. 63. (A) Every member of this Society shall pay to the Clerk of his Camp one annual assessment or one monthly installment of assessment as required by these laws or by the provisions of this certificate, which shall be credited to and known as the Sovereign Camp fund and he shall also pay such Camp dues as may be required by the by-laws of his Camp.  He shall pay any additional Camp fund and Camp dues or either which may be legally called.

" (B) If he fails to make any such payments on or before the last day of the month, he shall thereby become suspended.  His beneficiary certificate shall be void.  The contract between such person and the Society shall thereby completely terminate and all moneys paid on account of such membership shall be retained by the Society as his liquidated proportionate part of the costs of doing business and the cost of the protection furnished on the life of the said member from the delivery of his certificate to the date of his suspension.

" Such person, if in good health, may thereafter make a new contract with the Society upon the same terms and conditions by complying strictly with the provisions of these laws contained in sections 65, 66 and 67."

" Sec. 65. Any member who becomes suspended because of the nonpayment of any installment or assessment, if in good health, may within ninety days from the date of his suspension, again become a member of the Society by the payment of the current

installment of assessment and all assessments which should have been paid to maintain him as a member. Whenever assessments are paid by or for a person who has become suspended for the purpose of again making him a member, such payments shall be held to warrant that he is at the time of making such payment in good health and to warrant that he will remain in good health for thirty days after such attempt to again become a member, and to contract that such assessments when so paid after he has become suspended for nonpayment of assessments shall be received and retained without waiving any of the provisions of this section or of these laws until such time as the Sovereign Clerk shall have received actual, not constructive or imputed knowledge, that the person was not in fact in good health when he attempted to again become a member, provided that the receipt and retention of payment of such assessments in case such person is not in good health shall not make such person a member or entitle him or his beneficiary or beneficiaries to any rights whatever."

" Sec. 66. (A) The retention by the Society of any installment of assessment paid by him for any person after he has become suspended in order to again make him a member shall not constitute a waiver of any of the provisions of this constitution, laws and by-laws nor an estoppel upon the Society.

" (B) Any attempt by a suspended member to again become a member shall not be effective for that purpose unless such person be in fact in good health at the time and continue in good health for thirty days thereafter, and the payment of any assessment shall be a warranty that such person is at the time in good health and that if the warranty is not true, the certificate shall be null and void."

The deceased failed to pay the installment of two dollars and forty-four cents in April, 1925, during that month. On the 21st day of May, 1925, however, his daughter Clara paid to the treasurer of Local Camp, No. 92, both the April and May installments. The deceased was at that time suffering from pneumonia, was very ill, and had been ill for nine days previous. The disease from which he was then suffering resulted in his death three days later.

Under the terms of the amended laws of the society in force at the time of his death, the membership of the deceased in the association was automatically suspended on the 1st day of May, 1925, for failure to pay the April installment. Under the laws of the society quoted above, the deceased during a period of ninety days was entitled to make payment of the installment in arrears and again become a member in good standing only if he was in good health at such time, and such payment implied a warranty that he would

remain in good health for thirty days thereafter. In this case at the time of the payment on May 21, 1925, the deceased was not in good health, and he died three days later. Under the laws of the society, therefore, he was not in good standing at the time of his death, and he is not entitled to recover unless it can be said that the provisions of this law of the society were waived by the defendant.

When the certificate was issued in June, 1920, the laws of the society in relation to reinstatement were somewhat different. Certain provisions of the by-laws as they then existed were indorsed upon the benefit certificate itself, among others the following:

" No suspended member shall be reinstated whose health is at the time impaired or becomes impaired within thirty days after any attempted reinstatement, or who has used intoxicants to such an extent as to become frequently intoxicated, or who has become addicted to the use of opiates, cocaine, chloral or other narcotic or poison to such an extent as to impair his health, or who has made false representations in his application to become a member.

" Should a suspended member pay all arrearages and dues to the Clerk of his Camp within ten days from the date of his suspension, and if he is in good health at the time and continues in good health for thirty days thereafter, and is not addicted to the excessive use of intoxicants or narcotics, he shall be reinstated and his beneficiary certificate again become valid.

"After the expiration of ten days and within three months from date of suspension of a suspended member, to reinstate he must pay to the Clerk of his Camp all arrearages and dues, and deliver to him as a condition precedent to reinstatement a written statement and warranty, signed by himself and witnessed, that he is in good health at the time and not addicted to the excessive use of intoxicants or narcotics, and waiving all rights thereto if such written statement and warranty be untrue, and must continue in good health for thirty days thereafter.

"Any attempted reinstatement shall not be effective for that purpose unless the member be in fact in good health at the time and continue in good health for thirty days thereafter, and if any of the representations or statements made by said applicant are untrue, then said payments shall not cause his reinstatement nor operate as a waiver of the above conditions."

From the date upon which the certificate was issued to the 1st day of September, 1923, when the amended laws became effective, the monthly payment required by the benefit certificate was paid after the expiration of the month on which it fell due in six instances. Of these instances all but one were cases where payment was made more than ten days after the expiration of the month during which

the installment fell due.   In none of these instances did the member ever make a written statement or warranty as required by the laws of the society in force at that time.   What effect the receipt of such payments in arrears without the written statement would have had upon the enforcement of the laws of the society as they then existed is immaterial here for the amended laws in effect on September 1, 1923, removed all necessity for a written statement and warranty.   It is obvious that such receipt of installments in arrears without the written statement and warranty can have no effect whatever on the enforcement of the amended laws.

In eight instances between the 1st day of September, 1923, and the death of the assured, exclusive of the payment on May 21, 1925, payments were made by or on behalf of the member after the month in which the payment fell due, but in each case within ninety days from the end of the month when the installment fell due.   No waiver can be predicated upon the receipt of these payments, as under the laws of the society the defendant was obligated to receive these payments provided the member was in good health. It nowhere appears that the member was not in good health at the time of any of these payments, except in May, 1925.

In respect to the May payment, neither the officers of the local camp nor the officers of the society itself are shown to have had any knowledge that the assured was not in good health when the payment of May 21, 1925, was received by the local camp. According to the practice existing between the main office and the local camp, the payments made on behalf of the assured on May twenty-first were transmitted by the treasurer of Local Camp, No. 92, to the central office in Omaha, Neb., on June 13, 1925, and on the 1st day of July, 1925, the defendant offered to return to the plaintiff the amount paid on behalf of the deceased on May twenty-first, and at the same time denied liability upon the benefit certificate.   The plaintiff refused to receive the amount so tendered. There could be no waiver arising from the retention of the money paid May 21, 1925, until such time as the defendant had knowledge of the illness of the member.   It does not appear that such knowledge was obtained until after his death.   The retention of the moneys after the member's death and until the first day of July, we think insufficient to constitute a waiver.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

HUBBS, P. J., CLARK and TAYLOR, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.