ANDREW SPRAGUE, Appellant, v. HARVEY SAURHAFER, Defendant, Impleaded with JOHN HUGHES, JR., and JOHN E. HUGHES, Respondents.— Order affirmed, with costs. Time to file stipulation for reduction extended to ten days from the service of the order. All concur, except Sears, P. J., and Thompson, J., who dissent and vote for reversal and denial of the motion. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

WANDA USINSKI and Another, as Administratrices of the Estate of JOSEFA MENTKOWSKI, Deceased, Respondents, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant.— Judgment and order reversed on the law and the facts, with costs, and the complaint dismissed, with costs, on the ground that the finding of the jury that the deceased was in good health on the thirty-first of January and for thirty days thereafter is contrary to and against the weight of the evidence and that it sufficiently appears that he was not in good health at such time. (Jenkins v. John Hancock Mutual Life Ins. Co., 257 N. Y. 289; Bartlomiejczak v. Sovereign Camp of Woodmen of the World, 218 App. Div. 228.) All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JEANNETTE A. VICARY, Respondent, v. HENRY F. THURSTON, Mayor of the City of Lockport, New York, and Others, Appellants.— Order affirmed, with costs. Memorandum. The resolution of the common council of the city of Lockport creating the position in question fixed the duties of the incumbent. The appointee is given authority to investigate only, and not to decide who should or should not receive relief. Relator was an employee and not a public officer. (Matter of Goldschmidt v. Hardy, 177 App. Div. 547; affd., 223 N. Y. 575; La Chicotte v. City of New York, 166 App. Div. 279.) The moving papers show that the position was put in the competitive class, and that the relator successfully passed the required examination, and was appointed, and served the three months' probationary period. Under the civil service rules her retention in the service after the expiration of that period was equivalent to her permanent appointment. Her subsequent appointment by the mayor for the term of one year was unavailing. The mayor had no authority to fix the term of the position. Relator may, nevertheless, be removed, if her conduct, capacity or fitness is not satisfactory, provided, however, the reasons therefor be stated in writing, and be filed with the head of the department giving employment or the appointing officer, and the relator be given an opportunity to be heard. This was not done in the instant case, and without this procedure relator cannot be removed or reduced in rank, assuming, of course, that the facts stated in the moving papers are true. All concur. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

CLEVELAND G. BABCOCK and PHILIP A. SULLIVAN, Respondents, v. CHARLES J. DOBUSH, Appellant.— Judgment and order affirmed, with costs. All concur. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.