# Smith, Admr., *v.* Sovereign Camp Woodmen of the World, Appellant.

Argued April 22, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph A. Langfitt, Jr.,* of *Langfitt & Langfitt,* for appellant.

*Benjamin Jacobson,* with him *Harry H. Meizlik,* for appellee.

OPINION BY RHODES, J., September 30, 1936:

This is an action to recover on a beneficial certificate issued to the deceased husband of the beneficiary by the defendant, Sovereign Camp of the Woodmen of the World, a fraternal beneficial association incorporated under the laws of the state of Nebraska. The designated beneficiary instituted suit. Upon her death, her legal representative was substituted as plaintiff. The trial court refused defendant's point for binding instructions, and the jury rendered a verdict for the plaintiff. Upon refusal of defendant's motions for judgment n. o. v. and a new trial, defendant appealed.

The material facts are not in dispute. Frank Smith died on October 31, 1932, having been a member of local Camp No. 293, at McKeesport, Pa. At the trial the plaintiff offered in evidence the application for membership, the beneficial certificate issued to him by the appellant, and the constitution, laws, and by-laws of the appellant association. The certificate provided that the articles of incorporation, the constitution and laws of the association, the application for membership, the medical examination of the member, and all amendments to each thereof, and the certificate itself should constitute the agreement between the association and the member.

The pertinent parts of the constitution, laws, and by-laws of the association, in force at the time of Smith's death, are as follows:

"Sec. 63. ...... (b) If he fails to make any such payments on or before the last day of the month he shall thereby become suspended, his beneficiary certifi-

cate shall be void, the contract between such person and the Association shall thereby completely terminate, and all moneys paid on account of such membership shall be retained by the Association as his liquidated proportionate part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension.

"Such person, if in good health, may thereafter make a new contract with the Association, upon the same terms and conditions, by complying strictly with the provisions of these laws, contained in Sections 65, 66 and 67. See Section 26 (g). ......"

"Sec. 65. Any member who becomes suspended because of the non-payment of any installment of assessment, if in good health, may within three calendar months from the date of his suspension again become a member of the Association by the payment of the current installment of assessment and all installments of assessments which should have been paid to maintain him as a member. Whenever installments of assessments are paid by or for a person who has become suspended for the purpose of again making him a member, such payment shall be held to warrant that he is at the time of making such payment in good health, and to warrant that he will remain in good health for thirty days after such attempt to again become a member, and to contract that such assessments when so paid after he has become suspended for non-payment of assessments shall be received and retained without waiving any of the provisions of this section or of these laws until such time as the Secretary of the Association shall have received actual, not constructive or imputed, knowledge that the person was not in fact in good health when he attempted to again become a member. Provided, that the receipt and the retention of payment of such installments of assessments in case

such person is not in good health shall not make such person a member or entitle him or his beneficiary or beneficiaries to any rights whatever.

"Sec. 66. ...... (b) Any attempt by a suspended person to again become a member shall not be effective for that purpose unless such person be in fact in good health at the time and continue in good health for thirty days thereafter, and the payment of any unpaid installment of assessment shall be a warranty that such person is at the time in good health and that if the warranty is not true the certificate shall be null and void."

The deceased failed to pay the monthly assessment and dues for September, 1932; and he thereupon was automatically suspended from membership on the first day of October, 1932, and his certificate became void for failure to have paid the September assessment during that month. He could again become a member by paying the overdue monthly installment of assessment and being, at the time, in good health and so remaining for thirty days thereafter. See *Sovereign Camp, W. O. W., v. Cameron* (Texas), 41 S. W. (2d) 283; *Bartlomiejczak v. Sovereign Camp, W. O. W.,* 218 App. Div. 228, 218 N. Y. S. 157.

For the plaintiff two minor children testified that their mother, on a Saturday in the early part of October, paid the secretary of the local camp of the appellant association a sum of money, and that the secretary wrote a receipt for the same on a piece of school tablet which was given to him by one of the witnesses. The receipt was not offered in evidence, and the witnesses could not give the amount paid or the exact date of payment. It was also testified that payments of assessments and dues had previously been made, in a similar manner, for the deceased member to the local secretary.

Assuming, but not deciding, that the evidence was sufficient to warrant the jury in finding that the Sep-

tember assessment and dues were paid for the deceased on the first Saturday in October, 1932, which was October 1st, nevertheless the plaintiff cannot recover. Frank Smith did not live for thirty days after the date of the alleged payment, and therefore there could have been no compliance with the by-law provision that the suspended person must be, in fact, in good health at the time of the payment of the installments of assessments required for the purpose of again making him a member, and that he continue in good health for thirty days thereafter. After suspension, to again be eligible for the benefit fund required the payment of the delinquent monthly assessment or assessments and a compliance with the warranty implied by such payment that he, at the time of making such payment, be in good health and so remain for thirty days after such attempt to again become a member.

No question has been raised as to the applicability of the various provisions of the constitution, laws, and by-laws of the appellant to the facts in this case; nor is it alleged that any of the provisions thereof have been waived by the appellant.

The appellee urges upon us a proposition, which the learned trial judge incorporated in his opinion refusing appellant's motions for judgment n. o. v. and for a new trial, to the effect that, if the payment of the September assessment was made for the deceased on the first day of October, his death on October 31, 1932, was fully thirty days thereafter, and that, even if the payment was made on the succeeding Saturday, death within thirty days had no effect upon his again becoming a member, because the appellant admits that the deceased died from a bullet wound, and not as a result of ill health.

It exceeds the bounds of reason to believe that there has been a compliance with a by-law provision that one must remain in good health for thirty days, when the

subject has ceased to live for that period. In the instant case, we are of the opinion that the deceased was not a member in good standing at the time of his death on October 31st, because he had not complied with the provision that he remain in good health for thirty days after the alleged payment, on October 1, 1932, of the September assessment. The thirty-day period would not begin to run, assuming that the payment was made on October 1st, until the following day; and it is therefore obvious that the deceased, having died on October 31st, did not remain in good health for thirty days after October 1st. "Surely, if a man is no longer alive, if there be no subject of life insurance, good health as a condition on which the insurance is reinstated cannot exist": *Sovereign Camp, W. O. W., v. Lambert* (Ala.), 153 So. 627, at page 629. The suspended member, after payment of delinquent assessments, must remain, for thirty days thereafter, in good health, in order to be completely and unconditionally restored to membership. See *Sovereign Camp, W. O. W., v. Cox* (Ala.), 127 So. 847; *Sovereign Camp, W. O. W., v. Cameron,* supra; *Sovereign Camp, W. O. W., v. Lambert,* supra. The member having been automatically suspended and the beneficial certificate having become void for nonpayment of the monthly installment of assessment, such relationship had terminated. It was a condition precedent to the reestablishment of that relationship that the suspended member comply with the terms and conditions stipulated in the constitution, laws, and by-laws of the appellant. Unless there was such a compliance, the beneficiary named in the beneficial certificate had no right of action against the appellant. Appellant's point for binding instructions should have been affirmed, or its motion for judgment n. o. v. should have been granted.

The judgment is reversed, and judgment is now entered for the defendant.