Herbert D. Hamm, J.
The petition alleges as a separate and
third cause of action:
1 ‘ twenty-fourth : That the communication dated the 17 day of December 1959, ‘ Exhibit B ’ annexed hereto, notifying the petitioner that he is to be discharged and removed effective the 30 day of December, 1959, is signed by William F. Meyers as Administrative officer.
1 ‘ twenty-fifth : That William F. Meyers has no authority to discharge or remove the petitioner and that such authority is reposed in the Commissioner of the State Division of Housing exclusively.
*141 ‘ ‘ twenty-sixth : That as a result of the allegations contained in paragraphs numbered ‘ twenty-fourth ’ and 1 twenty-fifth the petitioner has not been removed in any sense.”
‘ ‘ twenty-fourth ’ ’ is factually correct, 1 ‘ twenty-fifth ’ ’ is a correct statement of law and 11 twenty-sixth ” is a mere conclusion and also a non sequitur.
The petitioner urges that, as the administrative officer and not the Commissioner of Housing gave the notice, a valid termination was not effected citing People ex rel. Goldschmidt v. Board of Educ. (217 N. Y. 470) and Matter of Morrison v. Moses (172 Misc. 129, affd. 258 App. Div. 955). In People ex rel. Goldschmidt v. Board of Educ. (supra) the committee on supplies acted without the authority of the Board of Education, which alone had the power of removal, and in Matter of Morrison v. Moses (supra) a subordinate indubitably exercised the power of removal which was reserved to his superior. I construe the notice given by the administrative officer not as a removal but merely notice of the determination of the Commissioner. This becomes apparent from the repetition and reallegation in the third cause of action of paragraphs ninth, tenth and eleventh of the petition, which recite:
‘ ‘ ninth : That on or about the 18th day of December, 1959, the petitioner received a communication in writing dated December 17, 1959, signed by William F. Meyers, Administrative officer, to the effect that the petitioner was discharged from his position effective the 30th day of December, 1959, a copy of which is annexed hereto and marked ‘ Exhibit B ’.
“tenth: That in the communication dated the 17th day of December, 1959, it was stated that the petitioner would be dropped from the payroll of the Division on the 30th day of December, 1959.
“eleventh: That the respondent, gaynor [State Commissioner of Housing], knew that the petitioner was a person appointed and employed on a permanent basis in the competitive class of the civil service, and knew or should have known that the petitioner was entitled to the protection of Section 75 of the Civil Service Law, which provides that a person permanently appointed and in the competitive class of the civil service may not be dismissed or removed from a position in the civil service except for incompeteney or misconduct charged in specific charges and with an opportunity to file a written answer and for a hearing on such charges.”
Moreover, the petition, given every fair intendment, is insufficient to raise the issue, It is not alleged that the administra *142 tive officer exercised the power of removal but merely that the administrative officer signed the communication received by the petitioner. This allegation is followed by a complaint against the Commissioner of Housing in paragraph ‘1 eleventh ’ ’ consistent only with the petitioner’s removal’s having been accomplished by the Commissioner.
However, a jury trial is required of the issue as to whether the Commissioner of Housing abolished the petitioner’s position in good faith (Matter of Conway v. Carey, 255 App. Div. 374) and further of the issue as to similarity of function (Matter of Fellows v. Corsi, 286 App. Div. 978) between the position which the petitioner had previously occupied and the position of associate economic research editor.