**CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 238 and Robert Torgerson, Appellants,**

**v.**

**CIVIL SERVICE COMMISSION FOR the CITY OF MUSCATINE, Iowa, Appellee.**

**No. 89–119.**

Supreme Court of Iowa.

Dec. 20, 1989.

Neil A. Barrick, Des Moines, for appellants.

Harvey G. Allbee, Jr., Muscatine, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

LARSON, Justice.

The plaintiffs, a labor union and Robert Torgerson, a police officer in the City of Muscatine, appeal from an order of the district court upholding the examination procedure of the civil service commission in the City of Muscatine. Their complaint is that, under Iowa Code section 400.13 (1987), Torgerson was improperly denied an opportunity to take a written examination for the position of police chief. We affirm.

The facts were stipulated by the parties. At the heart of the case is our interpretation of Iowa Code section 400.13, which states, in part:

The chief of the fire department and the chief of the police department shall be appointed from the chiefs' civil service eligible lists. *Such lists shall be determined by original examination open to all persons applying, whether or not members of the employing city.*

(Emphasis added.)

In the present case, the city advertised nationally to fill the chief's position and received 110 applications, including Torgerson's. From this list, eleven persons were selected to taken written examinations. Torgerson was not included in the eleven. He contends that this was an erroneous application of Iowa Code section 400.13. He contends that the language of that section, providing that the "original examination" shall be open to all persons means that all 110 applicants must be permitted to take the written examination.

The case turns on whether the phrase "original examination" in section 400.13 means the written examination, as the union and Torgerson contend, or merely the original screening process, as the civil service commission contends.

We believe that "original examination" as used in chapter 400 is not to be equated with the written examination as suggested by Torgerson. Iowa Code section 400.8 entitled "Original entrance examination—appointments" provides:

1. The commission shall at such times as shall be found necessary under such rules [of the commission], including minimum and maximum age limits, as shall be prescribed and published in advance by the commission and posted in the city hall, hold examinations for the purpose of determining the qualifications of applicants for positions under civil service, other than promotions, which examinations shall be practical in character and *shall relate to such matters as will fairly test the mental and physical ability of the applicant* to discharge the duties of the position to which the applicant seeks appointment.... An applicant shall not be discriminated against on the basis of height, weight, sex, or race in determining physical or mental ability of the applicant. Reasonable rules relating to strength, agility, and general health of applicants shall be prescribed.

(Emphasis added.)

We agree with the district court that the "original examination" under section 400.13 is the type of examination provided by section 400.8, one that screens applicants on the basis of their physical as well as mental qualifications. Section 400.13 does not require that a written examination be given to every applicant as the plaintiffs contend. The examination contemplated by that section, and described in section 400.8, encompasses more than a written examination. Section 400.8 requires that the examination be "practical in character" and that it include personal interviews, strength and agility tests, and other matters which will "fairly test the mental and physical ability of the applicant to discharge the duties of the position." The original examination, we believe, begins with a screening process. Once this process is started, there is no requirement that all applicants be allowed to go through each step until the final selection is completed. The commission should have the right to eliminate from further consideration any applicant at any stage of the selec-

tion process, as long as the process of elimination is not arbitrary.

In the present case, Torgerson was given the original examination guaranteed to him by section 400.13. In his case, the examination began and ended with the screening process. He does not claim that he was unfairly eliminated, and we cannot accept his argument that he had a statutory right to proceed further in the selection process. We therefore affirm the district court and the civil service commission.

AFFIRMED.

All Justices concur except ANDREASEN, J., who dissents.