**Michael D. BAHR, Appellee,**

v.

**COUNCIL BLUFFS CIVIL SERVICE COMMISSION, Appellant.**

No. 94–1999.

Supreme Court of Iowa.

Jan. 17, 1996.

Robert L. O'Brien, Assistant City Attorney, Council Bluffs, for appellant.

Joseph J. Hrvol, P.C., Council Bluffs, for appellee.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

CARTER, Justice.

The Civil Service Commission of the City of Council Bluffs (the commission) appeals from a district court order directing that city to hire the plaintiff, Michael Bahr, as a permanent police officer. Bahr, who had previously been serving as a reserve police officer under the provisions of Iowa Code section 80D.4 (1993), was extended a conditional offer of employment by the chief of police in September of 1993 subject to his satisfactory performance on medical and psychological examinations adopted by the commission as part of the screening process envisioned by Iowa Code section 400.8 (1993). The results of a psychological test administered to Bahr in October of 1993 indicated that he was not well-suited to serve in the position of police officer. Based on this circumstance, the chief of police revoked the conditional offer of employment and also revoked Bahr's status as a reserve police officer. The chief then requested the commission to remove Bahr's name from a list of eligible appointees for the position of police officer. Bahr appealed the chief's action to the commission, which by implication upheld the action of the chief and expressly took action to remove Bahr's name from the list of certified candidates. The commission took no action with respect to the police chief's termination of Bahr's reserve police officer position.

The district court, hearing the action as an appeal of a civil service decision under Iowa Code section 400.27, reversed the commission's action and directed the chief of police to hire Bahr as a permanent police officer. The commission challenges this action both on the merits and on jurisdictional grounds. We reverse the judgment of the district court.

In *Chauffeurs, Teamsters & Helpers Local Union No. 238 v. Civil Service Commission*, 449 N.W.2d 374 (Iowa 1989), we determined that the "original examination," which civil

service commissions are required to give applicants for police officer positions, contemplates the entire screening process envisioned by that section. *Id.* at 375. This screening process is to be "practical in character" and should include personal interviews, strength and agility tests, and other matters that will fairly test the mental and physical ability of the applicant to discharge the duties of the position. *Id.* (interpreting Iowa Code § 400.8 (1987)). Shortly prior to Bahr's conditional offer of employment, section 400.8 had been amended by 1993 Iowa Acts chapter 147, section 2 so as to provide:

> The physical examination of applicants for appointment to the positions of police officer, police matron, or fire fighter shall be held in accordance with medical protocols established by the board of trustees of the fire or police retirement system established by section 411.5. *The commission shall conduct a medical examination of an applicant for the position of police officer, police matron, or fire fighter after a conditional offer of employment has been made to the applicant.*

(Emphasis added.) Prior to this legislative change, the medical and psychological testing would have taken place before an applicant's name was placed on the eligible list.

It appears that the amendment delaying certain procedures until a conditional offer of employment has been extended was intended to avoid a possible conflict with the Americans With Disabilities Act, 42 U.S.C. § 12101. Although the statute that we have quoted only refers to a "medical examination" after a conditional offer of employment, we conclude that the civil service commission, without express statutory authority, and with due sensitivity to the Americans With Disabilities Act, could also delay psychological testing until a conditional offer of employment had been extended.

■ We recognized in *Glenn v. Chambers,* 242 Iowa 760, 764, 48 N.W.2d 275, 277 (1951), that "it is generally held the appointment may be set aside irrespective of statute when the appointee had not passed the required civil service examination." We recognized in *Local Union No. 238* that the civil service examination process encompasses the entire screening process, which the commission has established in order to compile the required eligibility list. Psychological testing has been made an element of such screening and the commission was acting within its authority in so providing.

■ The commission argues that all of the district court's order should be voided based on the absence of subject matter jurisdiction. It bases this assertion on the fact that, assuming Bahr had obtained some employee status with the city by reason of his conditional offer of employment, that status was only that of a probationary employee. Under Iowa Code section 400.8(3), probationary employees "may be removed or discharged from such position by the appointing person or body without the right of appeal to the commission." We find that this statute provides a basis for reversal of that portion of the district court's order requiring the city to hire Bahr as a permanent police officer. Assuming that there was some failure on the part of the commission to follow statutory procedures applicable to psychological testing, the most relief that the commission could grant to a probationary employee such as Bahr would be to order that his conditional appointment be reconsidered under altered procedures. Because it was beyond the jurisdiction of the commission to grant additional relief, it was similarly beyond the jurisdiction of the district court. We need not decide if a probationary employee, such as Bahr, may invoke the commission's original jurisdiction in order to test the conditional offer of employment based on delayed psychological evaluation. We have already determined that there was no infirmity in that procedure.

■ As a final matter, we consider Bahr's contention that neither the commission nor the district court has satisfactorily answered his challenge to termination of his reserve police officer position. We do not believe that this issue was properly before the commission or before the district court on its review of the commission's action. The appointment of reserve peace officers is provided for in Iowa Code section 80D.4. Such appointments are subject to the discretion of

the chief of police, sheriff, or commissioner of public safety to whom application is made. It is expressly provided in section 80D.1 that "[t]his chapter [80D] constitutes the only procedure for appointing reserve peace officers." There is thus no civil service protection or civil service procedure that may be invoked with respect to termination of a reserve peace officer. We express no opinion as to what remedies, if any, are otherwise available to persons for whom that status has been revoked. We have considered all issues and conclude that the judgment of the district court must be reversed and the case remanded to that court for an order declining to disturb the actions of the chief of police for want of jurisdiction and upholding the commission's removal of Bahr's name from the list of police officer candidates.

**REVERSED AND REMANDED.**